**URANTIA FOUNDATION, Plaintiff,**

v.

**Kristen MAAHERRA, Defendant.**

**Civ. No. 91–0325 PHX WKU.**

United States District Court,
D. Arizona.

Feb. 3, 1995.

L. Dale Owens and Scott A. Wharton, of Booth, Wade & Campbell, Atlanta, GA, for Urantia Foundation.

Joseph D. Lewis of Cleary & Komen, Washington, DC, for Kristen Maaherra.

MEMORANDUM AND ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANT'S SECTION 102 COUNTERCLAIM

URBOM, Senior District Judge.

The plaintiff's motion for partial summary judgment on defendant's section 102 counterclaim is aimed at paragraph 96 of the (Revised) Defendant's Substitute Second Amended Answer and Counterclaim. That paragraph states:

"17 U.S.C. 102 lists works of authorship as a) literary works, b) musical works, including accompanying word [sic], c) dramatic works, including any accompanying music, d) pantomimes and choreographic works, e) pictorial, graphic and sculptural works, f) motion pictures and other audiovisual works, and g) sound recordings.

---

The Urantia Book, published, promoted and disseminated as a divine revelation, does not meet the requirements of any of these categories. Plaintiff attempted to circumvent this requirement when it stated it was the author of The Urantia Book in its applications for copyright registration to the Library of Congress."

The plaintiff's position is that the book is within the category "literary works." On the other hand, the defendant argues that:

"To meet the requirements of section 102, a work must be the result of independent creation and must have a modicum of creativity. *Feist Publications, Inc. v. Rural Telephone Service Company, Inc.* [499 U.S. 340, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991)]. The Foundation cannot meet these requirements since it did not create the text of *The Urantia Book.* The text originated with the spiritual entities described in the book such as the Divine Counselor, the Chief of the Corps of Superuniverse Personalities, and the Chief of the Archangels of Nebadon. Thus, the text of *The Urantia Book* was neither original to the Foundation, nor was it the effort of any human creativity."

Defendant's Brief in Opposition to "Plaintiff's Motion for Partial Summary Judgment on Defendant's Section 102 Counterclaim," pp. 2–3.

I find that the uncontroverted evidence is that *The Urantia Book* is a "literary work." The work itself "possesses at least some minimal degree of creativity," as required by *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.,* 499 U.S. 340, 345, 111 S.Ct. 1282, 1287, 113 L.Ed.2d 358 (1991). There is no hint that the work was not "independently created by the author (as opposed to copied from other works)," within the meaning of *Feist Publications Inc., supra.* It is not necessary that the Foundation have created the text of the book. Title 17, section 409(5) clearly anticipates that a copyright may be held by one who is not the author.

Nor is it necessary that the authorship stem from human effort. Whether *The Urantia Book* is a divine revelation dictated by divine beings is a matter of faith, not of proof in a court of law. As a judge, I cannot—I must not—declare for anyone the truth or nontruth of an article of faith. If I were to declare *The Urantia Book* to be a divine revelation dictated by divine beings, I would be trampling upon someone's religious faith. If I declared the opposite, I would be trampling upon someone else's religious faith. I shall do neither. Whether *The Urantia Book* is a divine revelation dictated by divine beings is irrelevant to the issue of whether the book is a literary work within the meaning of 17 U.S.C. § 102.

The foregoing conclusions essentially end the life of paragraph 96 of Count II of the (Revised) Defendant's Substitute Second Amended Answer and Counterclaim. While Count II is labeled "FRAUDULENT AND DECEPTIVE PRACTICES, VIOLATION OF TRUST, AND COPYRIGHT MISUSE," paragraph 96 is premised upon the idea that because *The Urantia Book* was not a work of authorship, the plaintiff "attempted to circumvent" the requirement that it be a work of authorship "when it stated it was the author of The Urantia Book in its applications for copyright registration to the Library of Congress." Inasmuch as the book is a literary work and therefore a work of authorship, any "attempt to circumvent" is without significance.

IT IS ORDERED that the plaintiff's motion for partial summary judgment on defendant's section 102 counterclaim, filing 193, is granted.